**DUANE MORRIS LLP**
By:   Anthony J. Costantini
       Suzan Jo
       Kevin P. Potere
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YELLOW CRANE HOLDINGS, LLC,

          Plaintiff,

          v.

THE REPUBLIC OF ARGENTINA,

          Defendant.

CIVIL INDEX NOS.
14 Civ. 5675 (TPG)
15 Civ. 3336 (TPG)

---

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR SPECIFIC PERFORMANCE

Pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, Plaintiff Yellow Crane

Holdings, LLC ("Yellow Crane" or "Plaintiff") respectfully moves for equitable relief in the

form of an order of specific performance requiring Defendant Republic of Argentina

("Argentina") to make ratable payments to Plaintiff any time that it makes, or attempts to make,

payments to Exchange Bondholders (defined herein). The relief is perfectly consistent with the

relief recently awarded by this Court in *NML Capital, Ltd. v. Republic of Argentina*, 14-cv-8601

(TPG) (S.D.N.Y. Oct. 30, 2015), ECF No. 37.

Plaintiff is the owner of certain bonds issued by Argentina pursuant to the Fiscal Agency

Agreement dated October 19, 1994 (the "1994 FAA"), the same agreement that was the subject

of the Court's prior decisions granting specific performance in *NML Capital, Ltd. v. Republic of*

*Argentina*, Case Nos. 08-cv-6978 (TPG), 09-cv-1707 (TPG), 09-cv-1708 (TPG) (S.D.N.Y.), affirmed by the Second Circuit in *NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246 (2d Cir. 2012), *cert. denied*, 134 S. Ct. 201 (2013) and *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2819 (2014), and more recently in *NML Capital, Ltd. v. Republic of Argentina*, 14-cv-8601 (TPG) (S.D.N.Y. Oct. 30, 2015), ECF No. 37.

On October 22, 2015, this Court granted Plaintiff's motion for partial summary judgment filed in *Yellow Crane Holdings, LLC v. Republic of Argentina*, 14-cv-05675 (TPG) (S.D.N.Y.), ("*Yellow Crane I*") and *Yellow Crane Holdings, LLC v. Republic of Argentina*, 15-cv-3336 (TPG) (S.D.N.Y.) ("*Yellow Crane II*"), finding that Argentina "violated, and continues to violate, Paragraph (1)(c) of the 1994 Fiscal Agency Agreement [the "Pari Passu Clause"]." *Yellow Crane Holdings, LLC v. Republic of Argentina*, 14-cv-05675 (TPG) (S.D.N.Y.) (S.D.N.Y. October 22, 2015), ECF No. 16.

Plaintiff now seeks specific performance requiring ratable payments by Argentina whenever it makes payments on bonds issued by Argentina in 2005 and 2010 ("Exchange Bonds") to holders of the Exchange Bonds ("Exchange Bondholders"). Absent such an order, Plaintiff would be irreparably harmed because, as this Court has previously recognized with respect to similarly situated bondholders, Plaintiff "would remain debased of [its] contractually-guaranteed status, and [Plaintiff] would never be restored to the position [it was] promised that [it] would hold relative to other creditors in the event of default." Amended February 23, 2012 Order at 2, *NML Capital, Ltd. v. Republic of Argentina*, 1:08-cv-6978 (TPG) (S.D.N.Y. Nov. 21, 2012), ECF No. 425 ("Amended February 23, 2012 Order").

In addition, Plaintiff has no adequate remedy at law since Argentina continues to make clear its intention to defy any judgment issued by this court. In the June 5 Order, this Court

specifically held that Argentina violated and continues to violate the Pari Passu Clause (i) when it made payments to the Exchange Bondholders without making payments to 1994 FAA bondholders such as Plaintiff, (ii) "when it passed at least four discrete pieces of legislation to avoid paying on the [1994] FAA bonds," and (iii) when, each year since 2002, it included in its budget a moratorium against making payments on the 1994 FAA bonds. *NML Capital, Ltd. v. Republic of Argentina*, 14 Civ. 8601(TPG), 2015 WL 3542535 at *8 (S.D.N.Y. June 5, 2015) The Republic continued its violation when, "from 2014 through 2015, after the Amended Injunction in the Lead Cases took effect, the Republic made three illegal transfers to financial intermediaries in an attempt to pay on the Exchange Bonds without also paying on the [1994] FAA bonds," and when "the Republic . . . attempted to remove the indenture trustee of the Exchange Bonds and to replace it with an Argentine entity in an attempt to continue making payments on the Exchange Bonds without making payments on the [1994] FAA bonds." *Id.*

Moreover, the balance of equities strongly favor granting specific performance. As this Court has previously held, "[t]he balance of the equities strongly supports [equitable relief] in light of the clear text of [the Pari Passu Clause] and the Republic's repeated failures to make required payments to [bondholders similar to Plaintiff]. In the absence of the equitable relief provided by this Order, the Republic will continue to violate [the Pari Passu Clause] with impunity, thus subjecting [bondholders similar to Plaintiff] to harm." Amended February 23, 2012 Order at 3.

Finally, the public interest of enforcing contracts and upholding the rule of law would be served by granting specific performance in the instant matter. *Id.* at 4.

In further support of its motion for specific performance, Plaintiff relies upon the arguments set forth in the Memorandum of Law in Support of the Motion by NML Capital, Ltd.

for Specific Performance, *NML Capital, Ltd. v. Republic of Argentina*, 14-cv-8601 (TPG) (S.D.N.Y. August 14, 2015), ECF No. 26, and the Declaration of Robert A. Cohen in Support of Motion by NML Capital, Ltd. for Specific Performance, *NML Capital, Ltd. v. Republic of Argentina*, 14-cv-8601 (TPG) (S.D.N.Y. August 14, 2015), ECF No. 27, which are incorporated by reference herein.

Dated: New York, New York
       November 18, 2015                 **DUANE MORRIS LLP**

By: _____
Anthony J. Costantini
E-mail: ajcostantini@duanemorris.com
Suzan Jo
E-mail: sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Facsimile: +1 212 692 1020

*Attorneys for Plaintiff Yellow Crane Holdings, LLC*